MURPHY, appellant, v. KEYES.

*Stipulation — to abide event of appeal operates as stay.*

Plaintiff brought three actions against defendant on promissory notes, two in the supreme and one in the superior court. After the action in the superior court was tried and a verdict directed for the plaintiff, the attorneys for the parties stipulated that the testimony in the superior court action should apply to the supreme court actions and plaintiff might take judgment therein upon a trial by the court, and that in case of an appeal in the superior court action "these two actions shall abide the event of the said appeal." An appeal was promptly taken in the superior court action. *Held*, that the stipulation operated as a stay of the supreme court actions pending the result of the appeal in the other.

APPEAL from an order made at the special term setting aside and vacating executions issued upon two judgments in favor of plaintiff.

Three actions were commenced by John Murphy and another, against James Keyes and another, upon three several promissory notes made by Keyes. Two of the actions were instituted in this court and one in the superior court of the city of New York. The

action in the superior court was first brought to trial and a verdict directed for the plaintiff. After this the attorneys for plaintiffs and defendants made the following stipulation:

"It is hereby agreed that the testimony, rulings and exceptions in the case of the same plaintiffs against the same defendant, in the superior court, this day tried before Mr. Chief Justice MONELL and a jury, shall apply to the above-entitled actions, and that the notes mentioned in the complaints respectively in these actions shall be the notes upon which such testimony is to apply, and that the amount due upon each note in these actions is the principal and interest as stated in the respective complaints in these actions; and it is further stipulated that the plaintiffs may take a judgment upon trial by the court in each of these actions for the amount of the notes and interest in each action, and that the said testimony, rulings and exceptions shall apply to each action, as if the same had been taken in the above actions. And it is further agreed, that in case of an appeal by the defendant, James F. Keyes, in the superior court, these two actions shall abide the event of the said appeal, in the superior court."

Within a few days after the entry of judgment in the action in the superior court, defendant appealed therefrom to the general term of that court. Plaintiffs, shortly after the stipulation was made and before defendants' appeal was decided, entered judgment in the supreme court actions and issued executions thereon. Defendant Keyes moved to set aside and vacate the executions, claiming that the stipulation operated as a stay of proceedings in the supreme court actions.

*Nelson Smith*, for appellants.

*James F. Malcolm*, for respondent.

DANIELS, J. No doubt can be entertained but that the reasonable import of the stipulation stayed the proceedings in this case, and the other cause pending in this court, upon an appeal being taken from the judgment recovered in the superior court. That appeal was taken, and from that time, this, and the other cause in this court, were to abide its event. The tenor and effect of the stipulation was that all proceedings in these causes should remain suspended until that appeal should be determined.

The order setting aside the executions issued in violation of the terms of the stipulation was right, and it should be affirmed with $10 costs to the respondent, and his disbursements on the appeal.

*Order affirmed.*